# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| Travis Dardar, *et al.*,<br>    *Petitioners*,<br><br>    v.<br><br>Federal Energy Regulatory<br>Commission,<br>    *Respondent*. | Nos. 24-1291(L), 24-1292, 25-1157<br>(consolidated) |

## PETITIONERS' JOINT MOTION TO GOVERN AND ESTABLISH A BRIEFING SCHEDULE AND FORMAT

Pursuant to this Court's December 13, 2024 (Doc. 2089474) and July 28, 2025 (Doc. 2127421) Orders, Rule 27 of the Federal Rules of Appellate Procedure, and Circuit Rule 27, Joint Petitioners[1] in the above-captioned consolidated cases hereby move to establish the following proposal for a briefing schedule and format in these consolidated cases.

---

[1] Petitioners in No. 24-1291 are Travis Dardar, Nicole Dardar, Kent Duhon, Mary Alice Nash, Jerryd Tassin, Anthony Theriot, For a Better Bayou, Fishermen Involved in Sustaining Our Heritage ("FISH"), and Natural Resources Defense Council. Petitioners in No. 24-1292 are Louisiana Bucket Brigade, Healthy Gulf, Sierra Club, Texas Campaign for the Environment, and Turtle Island Restoration Network. All Petitioners in Nos. 24-1291 and 24-1292 are Petitioners in No. 25-1157.

1

## I. Proposed Briefing Schedule and Format

Joint Petitioners propose the following schedule and format for merits briefing. FERC recently authorized numerous construction activities and significant, irreparable harm is ongoing each day,[2] including authorization of CP Express Pipeline construction,[3] dredging activities 7 days per week,[4] and the full site preparation of the CP2 LNG Project.[5] It is thus in the best interest of the parties and of the public to have this case proceed as soon as possible.

Counsel for Respondent Federal Energy Regulatory Commission ("Commission") and Movant-Intervenors Venture Global CP2 LNG, LLC and Venture Global CP Express, LLC ("Venture Global") have stated that given that (1) this Court held these cases in abeyance and has ordered motions to govern to be filed by August 27; and (2) recent requests for agency rehearing filed by Petitioners remain pending, the Commission and Venture Global oppose the motion as premature. *See* Order, Doc. 2089474 (Dec. 13, 2024); Order, Doc. 2127421 (July 28, 2025).

---

[2] *See, e.g.*, Devin Cruice, *Dredging accident in Cameron Parish leaves fishermen angry and with questions*, KPLC (Aug. 8, 2025) ("Fishermen say a dredging accident just south of Big Lake buried crab traps, oyster beds, and killed wildlife in the area. Venture Global says the leak is stopped and under control."), https://www.kplctv.com/2025/08/09/dredging-accident-cameron-parish-leaves-fishermen-angry-with-questions/.

2

The following table summarizes Joint Petitioners' proposal for briefing:

| Document | Due Date | Word Count |
|---|---|---|
| **Index to Record** | **September 5, 2025** (per this Court's July 22, 2025 Order, Doc. 2126612) | |
| **Petitioners' Joint Opening Brief** | **October 6, 2025** (30 days after the deadline for the Record) | 20,000 words |
| **Amici for Petitioners' Brief (if any)** | **October 21, 2025** (14 days after the deadline for Petitioners' opening brief) | 10,000 words (per Fed. R. App. P. 29 and D.C. Cir. R. 29) |
| **Respondents' Brief** | **November 21, 2025** (45 days after the deadline for Petitioners' pending brief) | 20,000 words |
| **Respondent-Intervenors' Brief** | **December 2, 2025** (11 days after the deadline for Respondent's brief; added 4 additional days because the original 7 day timeline would fall over Thanksgiving) | 14,000 |

---

[3] Letter from Wallace Laffoon to J. Patrick Nevins, FERC, *Notice to Proceed with Pipeline Construction*, Docket No. CP22-22-000, Accession No. 20250626-3092 (June 26, 2025) (Authorizing construction of the CP Express Pipeline).

[4] Letter from Shannon Crosley to J. Patrick Nevins, FERC, *Variance Approval for 7-day dredging,* Docket No. CP22-21-000, Accession No. 20250709-3047 (July 9, 2025) (Authorizing dredge activities seven days per week).

[5] Letter from Shannon Crosley to Fory Musser, FERC, *Notice to Proceed with Full Site Preparation of the CP2 LNG Terminal and Construction of the CP Express Meter Station,* Docket Nos. CP22-21-000 & CP22-22-000, Accession No. 20250728-3071 (July 28, 2025) (Authorizing full site preparation activities of the CP2 LNG Project).

| **Amici for Respondent Briefs (if any)** | **December 9, 2025** (7 days after the deadline for Respondent's brief) | 10,000 words (per Fed. R. App. P. 29 and D.C. Cir. R. 29) |
|---|---|---|
| **Petitioners' Joint Reply Brief** | **December 19, 2025** (30 days after the deadline for Respondent's brief) | 10,000 words |
| **Joint Deferred Appendix** | **January 9, 2026** (some additional time included to account here as well for the holidays). To facilitate timely preparation of this appendix, parties will exchange designations with each other on a rolling basis, after filing of each brief. | |
| **Final Briefs** | **January 16, 2026** (7 days after the deadline for the Joint Appendix) | |

## II. Justification for Proposed Briefing Schedule

Joint Petitioners in these consolidated matters challenge orders issued by Respondent Commission authorizing the construction and operation of the CP2 liquefied natural gas ("LNG") export terminal and CP Express Pipeline (the "Project"): Order Addressing Arguments Raised on Rehearing and Granting Clarification, *Venture Global CP2 LNG, LLC*, Nos. CP22-21-000 & CP22-22-000, 191 FERC ¶ 61,153 (May 23, 2025) ("Clarification Order"); Order Addressing Arguments Raised on Rehearing And Setting Aside Prior Order, In Part, *Venture Global CP2 LNG, LLC*, Nos. CP22-21-000 & CP22-22-000, 189 F.E.R.C. ¶ 61,148 (Nov. 27, 2024) ("Rehearing Order"); Order Granting Authorizations Under

4

Section 3 and 7 of the Natural Gas Act, *Venture Global CP2 LNG, LLC*, Nos. CP22-21-000 & CP22-22-000, 187 FERC ¶ 61,199 (June 27, 2024) ("Authorization Order").

All rehearing requests have been denied by operation of law, and judicial review should now proceed. *See, e.g.*, Notice of Denial of Rehearing by Operation of Law and Providing for Further Consideration, 192 FERC ¶ 62,027 (July 21, 2025). Under the Natural Gas Act, if the Commission fails to act on a rehearing request within 30 days, the request is "deemed to have been denied" and aggrieved parties have the right to seek judicial relief. 15 U.S.C. § 717r(a). Therefore, contrary to the Commission and Venture Global's position, this motion is not premature. In *Allegheny Defense Project v. FERC*, 964 F.3d 1 (D.C. Cir. 2020) (*en banc*), this Court rejected FERC's longstanding practice of trying to "split the atom of finality," *id.* at 10, in which FERC claimed that while a request for rehearing was pending, a FERC authorization or certificate order was not final enough to be judicially reviewed but was final enough to permit project construction. The Court explained that, in drafting the Natural Gas Act, Congress "balance[d] the Commission's need for decisional time with the applicants' need for timely judicial review." *Id.* at 17. Congress thus gave FERC a limited and optional opportunity to issue a substantive order in response to a request for rehearing; once that time has passed, parties have a right to judicial review. 15 U.S.C. § 717r. Here, the

5

Commission's July 21, 2025 Notice of Denial of Rehearing demarcated that Joint Petitioners clearly have a right to proceed with judicial review now.

Moreover, the Commission *already* has granted over nine requests to proceed with construction, which is causing[6] and will continue to cause irreparable injuries. *See, e.g.,*:

1. Letter from Wallace Laffoon to Fory Musser, FERC, *Limited Notice to Proceed with Construction*, Docket No. CP22-21-000, Accession No. 20250530-3031 (May 30, 2025) (Authorizing mobilization; dewatering and drainage; construction of access roads and parking areas; and use of existing Marine Offloading Facilities);

2. Letter from Ghanshyam Patel to Fory Musser, FERC, *Approval to Install Test Piles and Storm Surge Wall,* Docket No. CP22-21-000, Accession No. 20250530-3040 (May 30, 2025) (Authorizing construction activities for the Test Pile Program for LNG Storage Tanks; Balance of the Terminal Site; and the Storm Surge Wall);

3. Letter from Andrea Bloomfield to J. Patrick Nevins, FERC, *Variance Approval for Additional Yards and Road Width Extension,* Docket No. CP22-21-000, Accession No. 20250613-3053 (June 13, 2025) (Authorizing use of seven additional storage yards and widening of Heavy Haul Road);

4. Letter from Wallace Laffoon to J. Patrick Nevins, FERC, *Notice to Proceed with Pipeline Construction*, Docket No. CP22-22-000, Accession No. 20250626-3092 (June 26, 2025) (Authorizing construction of the CP Express Pipeline);

5. Letter from Shannon Crosley to J. Patrick Nevins, FERC, *Variance Approval for 7-day dredging,* Docket No. CP22-21-000, Accession No. 20250709-3047 (July 9, 2025) (Authorizing dredge activities seven days per week);

---

[6] *See supra* note 2 (highlighting news reporting of Venture Global's CP2 dredging accident).

6. Letter from Shannon Crosley to Fory Musser, FERC, *Limited Notice to Proceed with Construction of the Moss Lake Compressor Station and CP Express Meter Station,* Docket No. CP22-22-000, Accession No. 20250718-3053 (July 18, 2025) (Authorizing site preparation activities—clearing, grading, and installation of test piles—of the Moss Lake Compressor Station and CP Express Meter Station);

7. Letter from Shannon Crosley to Fory Musser, FERC, *Notice to Proceed with Full Site Preparation of the CP2 LNG Terminal and Construction of the CP Express Meter Station,* Docket Nos. CP22-21-000 & CP22-22-000, Accession No. 20250728-3071 (July 28, 2025) (Authorizing full site preparation activities of the CP2 LNG Project);

8. Letter from Ghanshyam Patel to Fory Musser, FERC, *Approval to Install LNG Tank Production Piles & Foundations and Grade Rack Piles,* Docket No. CP22-21-000, Accession No. 20250729-3024 (July 29, 2025) (Authorizing construction of the LNG storage tank production piles and foundations); and

9. Letter from Ghanshyam Patel to Fory Musser, FERC, *Approval to Install Non-Hazardous Systems,* Docket No. CP22-21-000, Accession No. 20250729-3023 (July 29, 2025) (Authorizing construction of Non-Hazardous Systems).

Before judicial review can come to a conclusion, more serious irreversible harms will occur: Petitioners like Anthony Theriot, Travis Dardar, and Kent Duhon, along with the commercial fishermen members of FISH, will experience irreparable and permanent harm to their fishing businesses and way of life; landowners' ability to use and enjoy their land will be irreparably harmed; and any construction activities or permanent alteration of the land that occurs while judicial review is proceeding will cause irreparable harm to the environment. *See* Doc. 2076251 (Petitioners' 2024 Joint Motion for Stay Pending Review).

In an effort to forestall the additional irreparable harm that further delay of judgement would inflict, Joint Petitioners propose adhering to this Court's July 22, 2025 Order (Doc. 2126612) setting September 5, 2025 as the due date for Respondent Commission to file the consolidated certified index to the record. There is no cause to delay the filing of the record. If case Nos. 24-1291(L) and 24-1292 were not consolidated with case No. 25-1157, the Commission would have had to adhere to this Court's July 22, 2025 Order and file the same record on September 5 regardless. The remainder of Joint Petitioners' proposed schedule balances the need for expediency with the recognition that this proceeding is complex and attempts to avoid due dates after major federal holidays.

**III. Justification for Proposed Briefing Format**

In order to properly and clearly lay out the complex process and issues for this Court, Joint Petitioners propose a modest increase to the word limits this Court ordered in its initial order governing the briefing format. *See* Doc. 2084283. Since the Court issued its prior order governing briefing, this proceeding has become more complex than a typical Commission proceeding reviewing an application under the Natural Gas Act. In a typical proceeding, the Commission issues an authorization order after reviewing the application and issuing an environmental impact statement, parties can seek rehearing, and the Commission issues an order on rehearing reaffirming its original authorization order. A court bases its review

on the substantially similar authorization and rehearing orders as well as the underlying environmental impact statement. Any supplemental environmental review typically occurs on remand.

Here, however, after the Commission issued the Authorization Order, but before this Court had reviewed that Order, the Commission determined that it needed to conduct supplemental environmental review. Rehearing Order at PP 184-186 (setting aside the Authorization Order, in part, due to initiation of supplemental environmental review proceedings). Joint Petitioners therefore seek review of three distinct orders, based on a flawed environmental impact statement, authorization, and supplemental environmental impact statement. This case is both procedurally complex, and the additional orders and supplemental environmental review have also introduced new issues. Joint Petitioners respectfully submit that the proposed briefing format is therefore a just allocation of space.

**A. Petitioners' Joint Opening Brief**

Joint Petitioners in these consolidated matters challenge three separate substantive orders issued by Respondent Commission authorizing the construction and operation of the CP2 LNG export terminal and CP Express. The interests that the various Petitioners seek to protect, the errors they allege, and the facts underlying those alleged errors are numerous and distinct. To avoid duplication of

overlapping facts and issues, counsel for Petitioners have coordinated and propose to file a joint brief.

Prior to abeyance pending further proceedings before the Commission, the Court entered an order setting the word limit for Petitioners' and the Commissions' principal briefs at 15,000 words. *See* Doc. 2084283. However, due to the number and complexity of the factual and legal issues underlying the petitions for review, and the intervening Commission actions, Petitioners respectfully request that the Court allow Petitioners to submit their joint opening brief with a maximum of **20,000** words, which Petitioners respectfully submit represents a just and efficient allocation of space to support their arguments challenging these Orders. While this word count represents an enlargement from the status quo ante, the requested word count is fewer words than if the final Commission orders were briefed and heard separately by the Court. Further, Petitioners believe that 20,000 words is required due to the significant underlying record in this case, for the more thorough legal and factual presentation necessary for the merits panel, and to adequately represent the various interests that Petitioners seek to protect, including but not limited to commercial fishing, environmental, and landowner interests. Petitioners' requests for rehearing (Docket Nos. CP22-20-000 & CP22-21-000, Accension Nos. 20240729-5111 (July 29, 2024) & 20250620-5476 (June 20, 2025)), in this matter

amounted to over 80,000 words. Petitioners anticipate at least 20,000 words to adequately brief the complex claims in this litigation, allocated as follows:

    1.    Petitioners estimate that the Jurisdictional Statement, Statement of Issues, Statement of the Case, Standing, and Summary of the Argument will require **4,000** words.[7]

    2.    Petitioners also intend to address whether the Commission violated the Natural Gas Act ("NGA") Section 7 and the Administrative Procedure Act ("APA") and acted otherwise contrary to law in approving the CP2 Express Pipeline's certificate of public convenience and necessity by, *inter alia*, (1) erroneously determining market need for the project (2) failing to articulate any public benefits of the project, and (3) failing to weigh the alleged benefits with the adverse impacts. We estimate that, in order to fully address the issues surrounding the Commission's determination, Petitioners will require **5,000** words.

    3.    Petitioners in Case 24-1291 intend to address whether the Commission violated the NGA and APA and acted otherwise contrary to law by approving CP Express, an export-only pipeline, under NGA Section 7 rather than NGA Section 3, where this project is transporting gas in foreign commerce, and

---

[7] This is an overly conservative estimate, given that there are fourteen petitioners in this case and additional procedural complexity.

Section 7 is reserved only for interstate pipeline facilities. Petitioners estimate this will require **1,500 words.**

4. Petitioners estimate that they will require at least **3,500** words to address whether the Commission's public interest finding for CP2 LNG under NGA Section 3 was arbitrary, capricious, and not the product of reasoned decision-making, including because it failed to articulate or identify a coherent standard for balancing the adverse impacts and public benefits of the LNG facility, and FERC failed to demonstrate the Project will provide benefits that outweigh the foreseeable harms to the public that will result from the Project's air pollution.

5. Petitioners intend to address whether the Commission violated the National Environmental Policy Act ("NEPA"), the APA, and the NGA by failing to adequately evaluate the Project's environmental impacts in its Final Environmental Impact Statement and its Supplemental Environmental Impact Statement and thereby failing to consider the adverse environmental effects of the Project. Among the issues Petitioners intend to address are: (1) the Commission's refusal to determine whether greenhouse gas emissions are "significant," (2) the Commission's failure to take a hard look at cumulative air impacts, (3) the Commission's failure to take a hard look at carbon capture and sequestration, including Venture Global's actual proposal, and potentially more protective alternatives. Petitioners estimate that, due to the various and compounding issues

12

surrounding the errors made by the Commission in its NEPA analysis, discussion of these issues will require **6,000** words.

### B. Joint Reply Brief

Petitioners respectfully request that they be allotted **10,000** words for their Joint Reply Brief, representing half the total number of words requested for their Joint Opening Brief, in conformance with Federal Rules of Appellate Procedure 32(a)(7)(B)(ii).

## IV. Conclusion

For the foregoing reasons, Petitioners respectfully request that the Court adopt the full briefing schedule and format set forth above.

DATED: August 12, 2025

Respectfully submitted,

 /s/ *Megan C. Gibson*
Megan C. Gibson
Southern Environmental Law Center
122 C Street NW, Suite 325
Washington, DC 20001
Telephone: (202) 828-8382
Email: mgibson@selc.org

Spencer Gall
Southern Environmental Law Center
120 Garrett Street, Suite 400
Charlottesville, Virginia 22902
Telephone: (434) 977-4090
Email: sgall@selc.org

*Counsel for Travis Dardar, Nicole Dardar, Kent Duhon, Mary Alice Nash, Jerryd Tassin, Anthony Theriot, For a Better Bayou, and Fishermen Involved in Sustaining Our Heritage*

*/s/ Caroline Reiser*
Caroline Reiser
Natural Resources Defense Council
1152 15th Street NW, Suite 300
Washington DC, 20005
Telephone: (202) 717-8341
Email: creiser@nrdc.org

Thomas Zimpleman
Natural Resources Defense Council
1152 15th Street NW, Suite 300
Washington DC, 20005
Telephone: (202) 513-6244
Email: tzimpleman@nrdc.org

Gillian Giannetti
Natural Resources Defense Council
1152 15th Street NW, Suite 300
Washington DC, 20005
Telephone: (202) 836-9454
Email: ggiannetti@nrdc.org

*Counsel for Natural Resources Defense Council*

<u>*/s/ Rebecca McCreary*</u>
Rebecca McCreary
Sierra Club
1650 38th Street, Suite 103W
Boulder, CO 80301
(305) 449-5595 ext. 103
rebecca.mccreary@sierraclub.org

*Counsel for Louisiana Bucket Brigade, Healthy Gulf, Sierra Club, Texas Campaign for the Environment, and Turtle Island Restoration Network*

# CERTIFICATE OF COMPLIANCE

Pursuant to Fed. App. P. 32(g), I certify that this motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because it contains 2,705 words. I further certify, pursuant to Fed. App. P. 27(d)(1)(E), that this motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this response has been prepared in Times New Roman 14-point using Microsoft Office 365.

*/s/ Megan C. Gibson*
Megan C. Gibson

**CERTIFICATE OF SERVICE**

I, Megan C. Gibson, hereby certify that on August 12, 2025 the foregoing documents were served on all counsel of record in case numbers 24-1291, 24-1292, and 25-1157 through the electronic filing system (CM/ECF) of the U.S. Court of Appeals for the District of Columbia Circuit.

                                          */s/ Megan C. Gibson*
                                          Megan C. Gibson